UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMANTHA PRIOLEAU,

    Plaintiff,

v.                                                    Case No. 20-cv-2553-T-60AAS

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS COUNT II

    This matter is before the Court on "Government Employees Insurance Company's Motion to Dismiss Count II of Plaintiff's Complaint," filed by counsel on November 6, 2020. (Doc. 8). Plaintiff Samantha Prioleau did not file a response in opposition. After reviewing the motion, court file, and the record, the Court finds as follows:

    Plaintiff alleges she was injured on September 14, 2019, as a result of an automobile accident with an uninsured motorist on US 301 in Pasco County, Florida. On October 1, 2020, Plaintiff filed a two-count complaint against Defendant Government Employees Insurance Company in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida.[1] The case was removed to this Court on October 30, 2020.

---

[1] Plaintiff alleges that she was a passenger in a vehicle insured under a policy issued by Defendant. In Count I, Plaintiff asserts an uninsured motorist claim. In Count II, Plaintiff asserts a first party bad faith claim.

Defendant seeks dismissal of Plaintiff's bad faith claim in Count II and presents several arguments, including that the claim is premature. Under Florida law, a bad faith claim is premature until liability and damages have been determined in favor of the insured. *See, e.g., Holmes v. GEICO Indemnity Company*, No. 3:12-cv-271-J-99JBT, 2012 WL 12902911, at *3 (M.D. Fla. Nov. 5, 2012) ("Indeed, an abundance of Florida case law holds that a bad faith claim does not accrue until there has been a final determination of both liability and damages in an underlying coverage claim.") (internal quotations omitted).

A district court has discretion to either dismiss or abate a bad faith claim when simultaneously pled with a coverage action. *See Shvartsman v. GEICO Gen. Ins. Co.*, No. 6:17-cv-437-Orl-28KRS, 2017 WL 2734083, at *1 (M.D. Fla. June 23, 2017). Here, the Court exercises its discretion to dismiss the bad faith claim in Count II without prejudice. *See Bele v. 21st Century Centennial Ins. Co.*, 126 F. Supp. 3d 1293, 1295 (M.D. Fla. 2015). Plaintiff is not precluded from reasserting the claim following determination of the coverage and liability issues, or filing the bad faith claim as a separate proceeding after this case is concluded. In light of this ruling, the Court declines to address Defendant's other arguments for dismissal.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Government Employees Insurance Company's Motion to Dismiss Count II of Plaintiff's Complaint" (Doc. 8) is hereby **GRANTED**.

(2) Count II of the complaint is **DISMISSED WITHOUT PREJUDICE** to any right Plaintiff may have to reassert the claim following determination of the coverage and liability issues, or to file the bad faith claim as a separate proceeding after this case is concluded.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd day of November, 2020.

*/s/ Tom Barber*

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**